ANTONIO GÓMEZ GONZÁLEZ ET ALS., Plaintiffs, and Petitioners, *v.* JOSÉ MARQUES SEÍN ET AL., ETC., Defendants and Respondents.

No. 11468. Submitted March 4, 1959.—Decided May 10, 1960.

*Antonio Figueroa Rivera* for petitioners. *Buenaventura Esteves* and *Héctor Reichard* for respondents.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On August 2, 1954, the Heirs of Antonio Gómez Collazo, consisting of his widow Angélica González, his legitimate children Olga, Nilda, and Antonio, and his grandchild Finda Moliere, filed a complaint in the Superior Court, Aguadilla Part, against José Marques Seín and Gonzalo González for the nullity of a mortgage foreclosure proceeding, the revendication of rural property, and damages.

It is alleged in the complaint that in July 1920 Antonio Gómez Collazo, for himself and as attorney-in-fact of his wife, constituted a voluntary mortgage on two rural properties in favor of defendant Marques Seín to guarantee a credit of $8,000.00, its interest being 10% per annum, and the amount of $300.00 for expenses and attorney's fees in case of foreclosure; that debtor Gómez Collazo died in December, 1920 and on May 1, 1922 creditor Marques Seín brought a mortgage foreclosure proceeding against the heirs of the debtor which culminated in the adjudication of the two mortgaged properties to creditor Marques Seín at a public auction held on July 3, 1922; that Marques Seín recorded the ownership of said properties in his favor in the Registry of Property of Aguadilla, and after grouping them proceeded to sell them to codefendant Gonzalo González by public deed of February 15, 1923. For several reasons stated in the complaint, it is alleged that the mortgage foreclosure proceeding followed up by creditor Marques Seín is null and void; that the enjoyment, possession, and ownership of said property first by the foreclosing creditor and then by codefendant Gonzalo González, from the day of the sale until the filing of the complaint, has been illegal, in bad faith, without just title, and contrary to the right of its legitimate owners, the plaintiffs in this case. The complaint ends with the prayer that: (a) the nullity of the mortgage foreclosure proceeding be decreed; (b) possession of the property be delivered to the plaintiffs, and (c) Marques Seín be ordered to pay them the sum of $500 and Gon-

zalo González the sum of $40,000 for damages, deducting from these amounts any sum plaintiffs might owe defendants.

The trial court rendered judgment dismissing the complaint against codefendant José Marques Seín on the ground that said defendant having acquired the property in litigation by public sale held on July 3, 1922, the action against him had prescribed. On appeal we decided that the action on nullity and nonexistence of the mortgage foreclosure proceeding never prescribes and as a result we reversed the judgment appealed from and remanded the case for further proceedings. Judgment of this Court, September 6, 1955.

After we remanded the case for further proceedings, the other codefendant filed a motion for summary judgment in his favor on the grounds that (a) the action of revendication had prescribed, and (b) he had acquired the property in litigation by extraordinary prescription since he had possessed and enjoyed it as owner, without interruption, publicly, and peacefully for more than 30 years at the time the complaint was filed. This motion was accompanied by a certified copy of the deed of sale executed in his favor by José Marques Seín on February 15, 1923, duly recorded in the Registry of Property of Aguadilla, and his own affidavit, and affidavits of three other persons.

Plaintiffs filed an opposition to the motion for summary judgment but did not present any opposing affidavits. Their objection was based on the fact that if the principal action of nullity and nonexistence of the mortgage foreclosure proceeding had not prescribed, neither had the subsidiary actions of revendication and return of fruits. They also attacked the sufficiency of the affidavits presented by defendant González.

After the parties were heard, the lower court decided (1) that the revendicatory action had prescribed and, (2) that defendant González had acquired a title of ownership on the property in litigation by extraordinary prescription. As a result it rendered summary judgment dismissing the com-

plaint as to said codefendant Gonzalo González. That is the judgment now under review.

■ The correction of this judgment is firmly sustained by the record of the case sent to this Court. It is an undisputable fact that codefendant Gonzalo González acquired by extraordinary prescription the title of ownership on the property described in the complaint. It is alleged in the complaint that said defendant has possessed and enjoyed said property since February 15, 1923, until the filing of the present action which was on August 2, 1954, that is, for more than 30 years; and the four affidavits establish the irrefutable fact that that possession has been uninterrupted, peaceful, public, and as owner according to our definition of this term in *Dávila* v. *Córdova*, 77 P.R.R. 125 and *Heirs of Rosa* v. *Heirs of Jiménez*, 77 P.R.R. 521.[1]

Section 1859 of the Civil Code, 1930 ed., (31 L.P.R.A. 5280) reads thus:

"Ownership and other property rights in real property shall also prescribe by uninterrupted possession of the same for thirty years without the necessity of title nor good faith and without distinction between present and absent persons, with the exception mentioned in section 1653 of this title." (31 L.P.R.A. § 1653.)[2]

---

[1] In his affidavit Antonio Cabán states that he was in charge of the property as administrator during all the time Marques Seín owned it, and that he also was in charge as administrator employed by Gonzalo González from the year 1923 until 1943; that both employers possessed the property as its owners and that they never interrupted that possession.

Nicolás Marrero testified that he had been in charge of the property as administrator employed by Gonzalo González from March 1, 1943 until August 18, 1945; that González' possession was that of ownership and that nobody had interrupted him in that possession.

Juan López Collazo testified that he has known González possessing the property as its owner for more than 30 years, without being disturbed or deprived of that possession.

[2] The exception set forth in § 475, is the continuous non-apparent servitudes and the discontinuous servitudes, either apparent or non-apparent, which can only be acquired by virtue of title.

Other sections of the same Code, § 376 (31 L.P.R.A. § 1462) and § 1841 (31 L.P.R.A. § 5262) have respectively provided that only the possession acquired and enjoyed as owner can be used as title to acquire the dominion; that the possession shall be that of owner, public, peaceful and uninterrupted. In the case of *Dávila* v. *Córdova, supra,* we set forth the facts that must be proved in order to produce the extraordinary prescription established by § 1859, and to the same effect we stated on pages 139 and 140:

". . . For the extraordinary prescription established by § 1859 of the Civil Code of Puerto Rico to exist, our courts of justice should require proof of the following facts: (1) continuous possession of the property for thirty years, (2) by tolerance of the owner of the real property, (3) since the person claiming prescription has taken possession of the property without authorization, permit, or license granted by the owner, or by virtue of an agreement made with the owner, (4) which possession he has held in the public belief that he is the owner, according to the common belief of the community where he lives, not by virtue of the possessor's own belief that he is the owner of the property possessed by him, and (5) the possession of which is also public and peaceful, and (6) has not been subject to natural interruption, namely, by abandonment of the thing by the possessor for more than one year, or to civil interruption, by virtue of a judicial or notarial order, or by express or implied acknowledgement of the owner's right made by the possessor *before the expiration of thirty years required for prescription,* and (7) without the possessor having expressly or impliedly waived his title by prescription for any legal cause warranting such waiver after extraordinary prescription has been consummated."

In the present case all those facts were proved by code-fendant González. Plaintiffs did not present evidence to the contrary. Therefore, there did not exist a genuine controversy of facts with regard to the acquisition of the title of ownership by defendant by extraordinary prescription on the property in question. That title defeats the action of revendication of the plaintiffs, and unless they are right in the other questions raised, the summary judgment lay in favor

of the aforesaid defendant. *Fernández* v. *District Court*, 71 P.R.R. 149; *Heirs of Guerra* v. *Sánchez*, 71 P.R.R. 756.

■■ Another point urged by them is that as on the date of the public sale of the property in litigation, plaintiffs, with the exception of the widow of the predecessor, were minors, the prescription of the action began to run as soon as they attained their majority (*Vidal* v. *Monagas*, 66 P.R.R. 588); that the prescription does not run during the term of minority (*Fuentes* v. *District Court*, 73 P.R.R. 893); and that the prescription does not run against minors until such incapacity has disappeared (*Ibáñez* v. *Diviñó*, 22 P.R.R. 484).

Supposing the same rule were applicable to the acquisitive prescription or usucapion,[3] an issue which need not be decided now, petitioners' contention would always be devoid of merits. Let us see. We have previously stated that § 1832 of the Civil Code, 1930 ed. (31 L.P.R.A. § 5243) providing that the rights and actions shall be extinguished by prescription to the prejudice of all kinds of persons, including juridical persons, in the terms prescribed by law, has been repealed by § 40 of the Code of Civil Procedure (32 L.P.R.A. § 254)[4] according to which the prescription does not run against certain persons, among them minors, until the incapacity has disappeared, when actions, other than for the recovery of real property, are brought. *Ibáñez* v. *Diviñó, supra; Palou* v. *Aspurúa*

---

[3] See *Ramírez* v. *Ramírez*, 65 P.R.R. 510.

[4] The Rules of Civil Procedure of 1943 as well as those of Civil Procedure of 1958 left in force § 40 of the Code of Civil Procedure. Said section reads thus:

"§254. Persons under disability.

"If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either:

1. Within the age of majority; or

2. Insane; or

3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; or

4. A married woman, and her husband be a necessary party with her in commencing such action; the time of such disability is not a part of the time limited for the commencement of the action." (32 L.P.R.A. § 254.)

*et al.*, 27 P.R.R. 404, and *Vidal* v. *Monagas*, 66 P.R.R. 588, affirmed in 170 F.2d 99, cert. denied in 335 U. S. 911.

There is no doubt that the action brought by the plaintiffs-petitioners against Gonzalo González seeking the property of the latter, is the real action of revendication of real property and since they assert a title of ownership which does not accrue from the declaration of nullity or nonexistence of the mortgage foreclosure but from a hereditary right, they were in a position to exercise their revendicatory action without the need to allege the nullity of the mortgage foreclosure. *Oliver et al.* v. *Oliver*, 23 P.R.R. 168; *González et al.* v. *Fumero et al.*, 38 P.R.R. 497; *Monrozeau et al.* v. *Amador et al.*, 40 P.R.R. 124; *Trías* v. *Porto Rico Leaf Tobacco Co.*, 50 P.R.R. 88; *Rivera* v. *Heirs of Caraballo*, 56 P.R.R. 705; *González* v. *Heirs of Díaz*, 69 P.R.R. 598. Therefore, since we are dealing with an action to recover real property, prescription runs against minors pursuant to the provisions of the aforecited § 40 of the Code of Civil Procedure.

█ It is true that the complaint also contains the personal action for damages against defendant-respondent Gonzalo González, for which reason it could be alleged that pursuant to the provisions of § 40 of the Code of Civil Procedure, the prescription did not run against the minors. However, we need not decide now any matter concerning prescription. The reason is obvious. Said personal action for damages is based on § 38 of the Mortgage Law (30 L.P.R.A. § 63) and on § 169 of the Regulations (30 L.P.R.A. § 1090) and it is directed against the foreclosing creditor who is the one who binds himself "to assume liability for any loss or damage the debtor or interested third persons may suffer through malice or negligence in not making a true statement of facts and of the circumstances which the judge must take into consideration in authorizing the institution of the proceedings and continuing them." *Ríos* v. *Banco Popular*, 81 P.R.R. 368. Here González was not the foreclosing creditor nor can it be said that he espoused the alleged fault, negligence, or errors

of the latter. *Cf. Gutiérrez* v. *Longpré*, 44 P.R.R. 654. Therefore, González is not compelled to pay for the damages caused upon debtors, if indeed (1) the personal action had not prescribed, and (2) the summary foreclosure proceeding were null and void. See also § 38 of the Mortgage Law.

On the other hand González having acquired the ownership of the property in question and not being responsible for the damages, it would be an illusory and idle act to remand the case so that insofar as it concerns him, the lower court decide whether the foreclosure proceeding is null and void.

We shall finally state that we have not been convinced that the trial court erred in ordering plaintiffs-petitioners to pay the costs and attorney's fees.

For the foregoing reasons, the summary judgment rendered by the lower court shall be affirmed.